William B. Lawless, J.
Defendant Balfour, Guthrie & Co., Limited, moves to dismiss the complaint of plaintiff on the ground that it does not state facts sufficient to constitute a cause of action.
The complaint alleges three separate causes of action against the defendants for money damages arising out of a warehouse receipt issued by the Western Seed Company of Halsey, Oregon, in December, 1956. The receipt covered a quantity of grass seed and was negotiable by its terms. After execution, it was indorsed by Balfour, Guthrie & Co., Limited, came into the hands of defendant Edmund J. Lang, and Lang negotiated the receipt on or about January 10, 1957 to the plaintiff herein. It appears that on or about November 18, 1957 the Western Seed Company filed a voluntary petition in bankruptcy, hence, plaintiff sues the indorsers of the warehouse receipt.
In its first cause of action, plaintiff claims defendants were guilty of breaches of warranty in that there never was any blue tag “ perennial rye grass ” in the warehouse to cover the receipt and secondly Western Seed Company was not a warehouseman under Oregon law. The second cause of action repeats the first except it alleges the warehouse had gone into bankruptcy, had no seed to cover the receipt and the general creditors will receive no dividend from the bankruptcy distribution. In its third cause of action against Balfour, Guthrie alone, plaintiff alleges that Balfour breached its warranty as an indorser in that Balfour had knowledge of facts which would impair the validity of the receipt, namely, that Balfour had not delivered any seed to Western in return for the receipt and that the receipt did not contain any statement to the effect that it was issued for goods of which the warehouseman was the owner as required by section 2 of the Uniform Warehouse Receipts Act.
Both Oregon and New York have adopted the Uniform Warehouse Receipts Act in their statutory law, hence whichever law ultimately is shown to control this transaction, the result is the same.
Section 44 of the Uniform Warehouse Receipts Act (N. Y. General Business Law, § 128) states that “A person who for value negotiates * * * a receipt by indorsement or delivery * * * warrants: (a) That the receipt is genuine ”.
Paragraph 8 of the complaint alleges that at the time the receipt was issued
*149 (a) The warehouseman (Western Seed Company) was not a legal warehouseman under Oregon law.
(b) There was no blue tag “ Perennial Grass Seed ” in the hands of the warehouseman to cover the receipt.
Plaintiff contends that each of these allegations shows a breach of warranty that the receipt is genuine. It contends that under section 58 of the Uniform Warehouse Receipts Act (Oregon Rev. Stats., § 74.580) “warehouseman” means a person lawfully engaged in the business of storing goods for profit. Plaintiff argues that the receipt could not be genuine if the maker was not a warehouseman. Defendant, on the other hand, contends that there can be no breach of warranty for the reason that the word “ genuine ” was not a warranty as to the collectibility of the receipt but rather means that the receipt was not false, fictitious, counterfeit, or altered. Plaintiff counters by arguing that the receipt was not ‘ ‘ genuine ’ ’ because it did not represent any goods.
The second cause of action is stated against both defendants and reaffirms the allegations of the first and adds only the additional allegation that Western filed a petition in bankruptcy in 1957 at which time it did not leave sufficient funds to give its creditors any dividends.
The third cause of action is directed against Balfour only, realleges the allegations of the first, and adds the additional allegation that at the time plaintiff received the receipt it did not know that defendant Balfour had not delivered any blue tag grass seed to Western and did not learn of said fact until after the bankruptcy of Western.
I.
It is fundamental that on a motion to dismiss the complaint for failure to state a cause of action, the court must assume all of the facts pleaded to be true and must liberally construe both the facts and inferences to be drawn from them most favorably to the pleader. Assuming for the purpose of this motion that all of the facts pleaded are true, the negotiable Warehouse Receipt No. 37 executed by Western Seed Company and annexed and made a part of the complaint as Exhibit “ A ” recites that the 60,000 pounds of blue tag perennial rye grass was ‘ ‘ received for storage from Balfour, Guthrie & Go. Ltd.”. The complaint alleges in paragraph 8 that at no time did Western Seed Company set aside the seed covered by the receipt and in paragraph 10 alleges that by negotiating the receipt Balfour, Guthrie & Co., Limited, warranted the receipt was “ genuine ” when in fact it was not genuine because Western was not a warehouseman under Oregon law and the seed had not been set aside.
*150 Whether plaintiff properly pleads a cause of action sounding in breach of warranty turns on whether the word ‘1 genuine ’ ’ merely means not forged or counterfeit or whether it means that it was genuine in the sense that it represented goods actually “ received from Balfour” and on deposit with Western Seed Co. We conclude that in this context “ genuine ” means more than an authentic document. It means a truthful statement of the commercial transaction which it purports to represent, namely, that Western “ received for storage from Balfour ” the seed in question. (See People v. Reiter, 130 Misc. 105; Corn Exch. Bank v. American Dock Co., 149 N. Y. 174; Olivier Straw Goods Corp. v. Osaka Shosen Kaisha, 47 F. 2d 878; 2 Williston, Sales [Rev. ed., 1948], § 418.)
It would flout every principle of equity to hold that an indorser who represents that he delivered a specified quantity of seed to a specific warehouseman on a given date does not warrant the accuracy and “ genuineness ” of that statement. We conclude that the first cause of action pleads facts to put it beyond a motion to dismiss. (See 10 C. J. S., Bills & Notes, § 242 and cases cited thereunder.)
n.
The second cause of action is essentially the same as the first, except that instead of alleging rescission, it alleges that the warehouseman became bankrupt and that at such time, the warehouseman had no seed on hand to cover the receipt and that the general creditors will receive no dividend. In effect, the second cause of action realleges the first cause, and to this court, the allegation relating to bankruptcy does not constitute a separate cause of action and the second cause of action is therefore dismissed.
III.
The third cause of action is stated against Balfour, Guthrie & Co. alone, realleges the facts set forth in the first action and in addition alleges that Balfour did not deliver any seed to the warehouseman and that the warehouse receipt did not contain statements that the receipt was issued for goods. This cause of action again turns on the courts’ definition of the word “genuine” as it relates to a warranty and for the reason set forth in the first cause of action we conclude that the allegations do state a cause of action based on a breach of warranty. If it is true, as we must assume it is on this motion, that Balfour did not deliver any seed to the warehouseman where, on the face of the warehouse receipt Western states that it did, and Balfour by *151 indorsement impliedly warrants the facts stated on the face of the receipt, it follows that if the allegations in paragraphs 21 and 22 are true that Balfour had knowledge of a fact which would impair the validity or worth of the receipt. This would constitute a violation of section 44 of the Uniform Warehouse Receipts Act which is recognized in New York as section 128 of the New York General Business Law and in Oregon as section 74.440 of the Revised Statutes.
Defendant Balfour, Guthrie & Co., Limited’s, motion to dismiss the first and third causes of action is denied and its motion to dismiss the second cause of action is granted as to it only, without costs to any party. Prepare and enter order accordingly.